**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-60128
Summary Calendar

LINDA EVANS, and Estate of Robert C. Evans, Jr., deceased,
Linda Evans Executrix,

Petitioner-Appellant,

VERSUS

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

Appeal from the United States Tax Court
(2492-97)

May 28, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellants appeal from a United States Tax Court decision affirming the C.I.R.'s determination of deficiencies in their jointly filed Federal income tax returns for the years 1989 through 1991. Alternatively, appellant Linda Evans appeals the Tax Court's determination that she is not entitled to "innocent spouse" relief under the tax code.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

We review decisions of the Tax Court under the same standards that apply to district court decisions and, thus, issues of law are review de novo, and finding of fact are reviewed for clear error. *Park v. Commissioner*, 25 F.3d 1289, 1291 (5th Cir.1994). The Tax Court's determination that a spouse is not entitled to relief as an "innocent spouse" is reviewable under the clearly erroneous standard. *See Park*, 25 F.3d at 1291; *Reser v. Commissioner*, 112 F.3d 1258, 1262 (5th Cir.1997).

Appellant challenges the Tax Court's refusal to allow her to avoid tax liability under the "innocent spouse" provisions of the tax code. When this case was decided by the Tax Court, those provisions were found at IRC section 6013(e), which predicated relief on the claimant establishing that (1) a joint return had been filed, (2) there was a substantial understatement of tax due to grossly erroneous items of the other spouse, (3) the claimant had no knowledge of the understatement, and (4) it would be inequitable to hold the claimant liable for the tax.

In this case there is no dispute that appellant filed a joint return. In rejecting appellant's claim for innocent spouse relief in regards to the royalty income, the Tax Court found that appellant had failed to establish a "substantial understatement" of tax as required in element number two. The IRS Restructuring and Reform Act of 1998, however, has removed the old statute, and its replacement eliminates the requirements that the understatement be "substantial" and that there must have been "grossly erroneous" items. *See* IRC § 6015(b); CASEY, FEDERAL TAX PRACTICE § 3.21 (West

2

1998). Section 6015(b) became effective July 22, 1998 and applies to any tax liability remaining unpaid as of such date. Therefore, as to the royalty income, we REVERSE and REMAND for further determination under the new provisions of section 6015(b).

As to the Tax Court's determination that appellant is not entitled to innocent spouse relief in regards to deficiencies attributable to the 1989 cattle sale, we AFFIRM. No clear error is apparent in the Tax Court's determination that Appellant failed to establish a lack of knowledge of the sale. In an omitted income situation such as this, the taxpayer need only know about the underlying income-producing transaction to be precluded from relief. *See Reser*, 112 F.3d at 1265.

The Tax Court's findings of deficiency with respect to the oil and gas royalty and cattle sale transactions also do not reveal clear error. Therefore, we AFFIRM the Tax Court's determination of the underlying tax liability, insofar as Appellant Linda Evans is not determined to be entitled to "innocent spouse" relief upon remand.

The Tax Court's refusal to allow appellants to re-open the record to establish Linda Evans' adjusted gross income affects the inquiry only under the analysis of former IRC section 6013(e). Because appellant's "innocent spouse" defense will be re-analyzed under IRC section 6015(b), we DISMISS this issue as MOOT.

3